UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

___

RURAL MUTUAL INSURANCE COMPANY,

    Plaintiff,

TAYLOR CLARK,

    Involuntary Plaintiff,

v.

STRIPPIT, INC., and

TRAVELERS PROPERTY AND CASUALTY COMPANY OF AMERICA

    Defendants.

___

## COMPLAINT
___

Plaintiff Rural Mutual Insurance Company, for its complaint against the above-named defendants, states:

### PARTIES

1. Plaintiff Rural Mutual Insurance Company ("Rural") is a domestic company incorporated in the State of Wisconsin. Its principal place of business where its officers direct, control, and coordinate the company's activities is located at 1241 John Q. Hammons Drive, Suite 200, Madison, Wisconsin.

2. Involuntary plaintiff Taylor Clark ("Clark") is an adult resident of Wisconsin who resides at 318 W Lincoln Street, Augusta, Wisconsin. Rural is not making any claim against Clark. Rather, Clark is named as an involuntary plaintiff pursuant to Wis. Stats. §102.29.

3. Defendant Strippit, Inc. ("Strippit") is a foreign corporation. It is incorporated in the State of Delaware. Its principal place of business where its officers direct, control, and coordinate the company's activities is located at 12975 Clarence Center Road, Akron, New York. Its registered agent for service of process is Registered Agent Solutions, Inc., 99 Washington Avenue, Suite 700, Albany, New York.

4. Defendant Travelers Property Casualty Company of America ("Travelers") is a foreign corporation. It is incorporated in the State of Connecticut. Its principal place of business where its officers direct, control, and coordinate the company's activities is located at One Tower Square, Hartford, Connecticut. Travelers' registered agent for purposes of service of process is Corporation Service Company, 33 East Main Street, Suite 610, Madison, Wisconsin.

## JURISDICTION AND VENUE

5. The amount in controversy is over $75,000.00.

6. The court has subject matter jurisdiction over this matter under 28 U.S.C. §1332, because the plaintiff and involuntary plaintiff are residents of (and in the case of Rural, incorporated, reside and maintain its principal places of business in) a state (Wisconsin) diverse from the states in which the defendants are incorporated, reside and maintain their principal places of business (New York, Delaware, and Connecticut).

7. The court has personal jurisdiction over the defendants because they have purposefully availed themselves to the benefit of the laws of this judicial district by regularly transacting and/or conducting business in the State of Wisconsin.

## FACTS

8. Strippit designed, manufactured, and sold a model FC 1000 M/30 turret punch press ("the punch press").

9. Strippit sold the punch press to Aries Precision Sheet Metal.

10. Excel Steel Fab, LLC, purchased the punch press from Aries Precision Sheet Metal and installed it at Excel's factory at 219 Urquhart Road, Stanley, Wisconsin.

11. Strippit service engineer Richard Ewers went to Excel Steel Fab on or around November 5, 2002, and inspected the punch press and its installation at Excel Steel Fab.

12. On March 9, 2023, Excel Steel Fab employee Taylor Clark ("Clark") was using the punch press within the scope of his employment when his arm was caught inside a moving clamp of the punch press ("the accident").

13. As a result of the accident, Clark was seriously and permanently injured. He sustained permanent injuries, severe pain and suffering, disfigurement, loss of earning capacity, and loss of enjoyment of loss.

14. On the date of the accident, Rural had issued to Clark's employer, and there was in full force and effect, a policy of worker compensation insurance that insured Clark against some of the injuries and damages he sustained. As required by, and consistent with, its policy of insurance, Rural has paid to, or on behalf of, Clark certain benefits.

15. Pursuant to Wis. Stat. §102.29(1)(b), Rural has "an equal voice in the prosecution of the claim" against the defendants.

## FIRST CAUSE OF ACTION - NEGLIGENCE CLAIM AGAINST STRIPPIT

16. The preceding paragraphs are incorporated herein by reference.

17. Strippit had a duty to use reasonable care when it designed, engineered, manufactured, introduced into the stream of commerce and sold the machine, and when it inspected the machine as installed at Excel Steel Fab.

18. Strippit breached its duty in the following and other ways:

    a. It designed, manufactured, and sold the punch press in such a condition that it failed to meet OSHA safeguarding regulations, including but not limited to OSHA 3067 Concepts and Techniques of Machine Safeguarding and 29 C.F.R. 1910.212;

    b. It failed to include safeguarding in the design of the punch press that was known and readily available at the time of its manufacture, such as light curtains or safety mats;

    c. It failed to guard against foreseeable risks of injury when it did not include safeguarding in the design of the punch press;

    d. It provided inadequate warning labels and instructions with the punch press;

    e. It failed to meet the requirements of ANSI B15.1 (1992) Safety Standard for Mechanical Power Transmission Apparatus when it designed the machine; and

    f.  It failed to provide any warnings, instructions, corrections, or safeguards when its service engineer inspected the punch press after it was installed at Excel Steel Fab in 2002.

19. Strippit's breach of its duty was a cause of the accident and resulting injuries and damages sustained by Clark and paid by Rural.

## SECOND CAUSE OF ACTION - DIRECT ACTION CLAIM AGAINST TRAVELERS

20. The preceding paragraphs are incorporated herein by reference.

21. On the date of the accident, Travelers had issued to Strippit a policy of insurance that insured Strippit against liability for the injury and damages caused by the accident.

22. Travelers is a proper party to this lawsuit pursuant to Wis. Stats. §803.03.

23. Travelers is directly liable to Rural and Clark for any damages for which Strippit is held liable, pursuant to Wis. Stats. §632.24.

    WHEREFORE, Rural demands judgment against the defendants, jointly and severally, in an amount to be determined, plus prejudgment interest, all taxable costs and fees, distribution of the judgment in accordance with Wis. Stats. §102.29, and all other just and equitable relief.

Dated: February 7, 2026.

    RON HARMEYER LAW OFFICE, LLC
    Attorneys for Rural Mutual Insurance Company

    */s/ Ronald W. Harmeyer*

    _____
    By: Ronald W. Harmeyer
    State Bar No. 1026579

330 East Kilbourn Avenue, Suite 1070
Milwaukee, WI 53202
Tel. (414) 316-2500
Fax (414) 755-7081
rharmeyer@ronharmeyerlaw.com